, No. 6219.

### William Jamison v. The State.

Unlawfully Pulling Down a Fence, Etc.—The proof shows that the defendant was the sole owner of a dividing fence between his farm and the farm of one McN.; that, without notice to McN. in writing, he pulled down the said dividing fence, exposing McN.'s growing crops to the depredations of stock; that McN., to protect his crops, again connected his fence to the defendant's fence on the defendant's land, when the defendant again pulled it down. *Held* that, although the sole owner of the dividing fence, the defendant had *no right to remove it without having given* McN., his agent or attorney, notice in writing of his intention to do so for at least six months prior to so doing. McN., in connecting his fence with that of the defendant, for the purpose of preventing stock depredations on his growing crops, notwithstanding the connecting point was on the defendant's land, was not a trespasser and violated no law. (See Laws of 1887, page 30.)

Appeal from the County Court of Cooke. Tried below before the Hon. J. E. Hayworth, County Judge.

The opinion sufficiently discloses the case. The penalty assessed against the appellant was a fine of twenty dollars.

*R. V. Bell*, for the appellant.

*W. L. Davidson*, Assistant Attorney General, for the State.

Willson, Judge. Although the defendant was the sole owner of the fence dividing his farm from the farm of McNeill, he could not lawfully withdraw or separate said fence from the adjoining fences of said McNeill, without first having given said McNeill, his agent or attorney, notice in writing of his intention to do so for at least six months prior to the time of so doing. (Act March 17, 1887, p. 30, sec. 2.)

In this case the record fails to show that such written notice was given, and therefore the defendant acted in violation of law and of the rights of McNeill in removing said division fence. By such removal the growing crops of McNeill were exposed to the depredations of stock, without notice to him. Finding his crops thus suddenly and unexpectedly exposed to

the danger of destruction, McNeill had the legal right to avert the danger by again connecting his fence with the fence of the defendant, and in so doing, did not violate the law, and can not be regarded as a trespasser, although the connecting portion of his fence was on defendant's land.

The intention of the law is to protect growing crops from depredation, and such intention would be defeated in this instance if we were to hold that the defendant, by his wrongful, illegal act of removing the division fence, could deprive McNeill of his right to again connect his fence to said division fence for the purpose of protecting his crops. (Wilson's Cr. Stat., sec. 1179.) As we understand the purpose, spirit and intent of article 684 of the Penal Code, the defendant violated said article by pulling down the portion of fence erected by McNeill for the purpose of closing the gap in his inclosure, caused by the removal of said division fence.

This being our view, other questions presented in the record are immaterial, and are therefore not determined. The judgment is affirmed.

*Affirmed.*